The opinion of the Court was delivered by
Parsons, C. J.
Joseph Howard,, the principal in this bond, had, on petition to this Court, obtained leave to review an action, in which the plaintiff had recovered judgment against him, and on giving the bond, execution was stayed.
By the condition of the bond, Howard was, among other things, to prosecute his writ of review to final judgment, and to pay such damages and costs as Hicks should recover against him on that writ, or the original judgment with interest in case the writ should not be so prosecuted. Howard- sued out his writ of review, but was afterwards nonsuit, and upon the nonsuit Hicks recovered his costs, which have never been paid. The facts are stated in the pleadings, and there is no question but that the condition of the bond is broken and the penalty forfeited. And the defendant seems to admit that Hicks on this bond can recover the costs- of the nonsuit, which have not yet been paid, with the interest upon the first judgment.
The defendant then prays to be relieved in equity against the penalty, and insists that the review was prosecuted to final judgment within the intent of the condition, and that Hicks can have judgment only for the costs upon the nonsuit, with the interest of the first judgment as additional damages.
But we are all of opinion that the plaintiff shall have execution for a sum equal to his former judgment, with interest thereon and costs ; that the writ of review was not prosecuted to final judgment, the plaintiff having become nonsuit, in which case the formel judgment was to be paid with interest.
*99 * The Court having some doubt whether the costs of [* 106 ] the nonsuit could be recovered on this bond, as the damages and costs to be paid on review are such as are recovered on final judgment, the plaintiff agreed to waive the costs, and to take his execution for a sum equal to the former judgment, with interest thereon; and to take out his execution against Howard on the judgment for costs on the nonsuit.